I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12·5·12

DEPUTY CLERK

O



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ANN WHEELER ARCE,<br><br>         Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>         Defendant. | Case No. EDCV 12-1092-JVS (JPR)<br><br>MEMORANDUM OPINION AND ORDER<br>DISMISSING COMPLAINT FOR<br>FAILURE TO SERVE |

On July 3, 2012, Plaintiff lodged the Complaint in this matter; it was filed July 18, 2012. That same day, the Court issued the summons. On July 19, 2012, the Magistrate Judge issued a Case Management Order, in which she ordered, among other things, that Plaintiff "promptly serve the summons and complaint on the Commissioner in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure and 20 C.F.R. § 423.1." The Magistrate Judge also ordered Plaintiff to file proof of service with the Court and warned that "[f]ailure to effectuate proper service within 120 days after the filing of the complaint may result in dismissal of this case." To date, Plaintiff has not filed any

proof of service with the Court, and Defendant has not made an appearance.[1]

On November 16, 2012, 121 days after the Complaint was filed, the Magistrate Judge issued an Order to Show Cause requiring Plaintiff to show good cause in writing no later than November 30, 2012, why she apparently did not timely serve Defendant with the summons and Complaint or file proof of service with the Court and why, therefore, this action should not be dismissed for failure to prosecute. Again, the Magistrate Judge expressly warned Plaintiff that if she failed to comply with the OSC, her case might be dismissed. Plaintiff has not responded to the OSC.

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); see Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir. 1991) (affirming dismissal of complaint for failure to timely serve summons and complaint).

Here, Plaintiff has not effected service on the named Defendant, nor has she responded to the Magistrate Judge's OSC asking her to provide an explanation. While the Court is mindful that Plaintiff is proceeding pro se, she nonetheless has a responsibility to follow the Rules of Civil Procedure and this Court's orders regarding service. Accordingly, it is ORDERED that this action be dismissed without prejudice because Plaintiff has

---

[1] On September 25, 2012, Plaintiff "simply mailed to the Court copies of documents she previously filed in this action"; for that reason, the Clerk issued a deficiency order, which the Magistrate Judge signed, and returned the documents to Plaintiff.

1 | apparently failed to effect service on the named Defendant and has
2 | failed to file proof of service with the Court or respond to the
3 | Magistrate Judge's OSC.  See Link v. Wabash R.R., 370 U.S. 626,
4 | 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962).

Dated: December 5, 2012

/s/ James V. Selna
JAMES V. SELNA
U.S. District Judge

Presented By:

/s/ Jean Rosenbluth
Jean Rosenbluth
U.S. Magistrate Judge